IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                                                  CASE NO.: 4:06cr18-SPM

JOHN OSCAR MESSICK,

     Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING
IN PART MOTION TO CORRECT SENTENCE**

     This cause comes before the Court on Defendant John Oscar Messick's Motion to Correct Sentence (doc. 33) pursuant to Federal Rule of Criminal Procedure 35(a). The motion focuses on two aspects of Defendant's sentence. The first is the length of imprisonment imposed, which defendant contends is greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2). The second is the condition of supervised release that prohibits Defendant from being in the presence of a minor without the permission of the probation officer.

     With respect to the length of imprisonment, the Court gave consideration to Defendant's arguments at sentencing as well as the arguments made by the Government. The sentence is not greater than necessary to comply with the purposes of section 3553(a)(2), which include the need for the sentence "to

reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense . . . [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2).

With respect to the condition of supervised release, the condition imposed is appropriate given Defendant's offense of conviction. United States v. Mickelson, 433 F.3d 1050, 1057 (8th Cir. 2006). The Court agrees, however, that the condition should be modified to address Defendant's concern that he could inadvertently violate the condition by going to any public place, such as a grocery store, where a child happens to be present. Accordingly, the condition is modified as follows:

> Defendant shall not be in the presence of minors nor have any contact (in any form direct or indirect, including but not limited to, personally, by computer, telephone, letter, or through another person) with minors, without the permission of the probation officer. Defendant shall reasonably avoid and remove himself from situations in which he may have unapproved contact with minors. Defendant is not prohibited from going to public places where children may be present, but he shall not go to places where children are likely to congregate, such as school grounds, child care centers, theme parks, or playgrounds. Any unapproved contact must be reported immediately to the probation officer.

The modified condition provides fair notice to Defendant of the proscribed conduct. United States v. Taylor, 338 F.3d 1280, 1286 (11th Cir. 2003). Accordingly, it is

ORDERED AND ADJUDGED that Defendant's Motion to Correct Sentence (doc. 33) is denied as to the length of imprisonment but granted as to

the condition of supervised release, which is modified as provided in this order.

DONE AND ORDERED this 31st day of October, 2006.

_s/ Stephan P. Mickle_

Stephan P. Mickle
United States District Judge

CASE NO.: 4:06cr18-SPM