**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

vs.                                                                  Case No.  4:06cr18-SPM

**JOHN O. MESSICK,**                                    Case No.  4:07cv378-SPM/WCS

      **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

      Pending in this case is a motion to vacate and set aside a sentence filed pursuant to 28 U.S.C. § 2255.  Doc. 67.  The United States filed a response.  Doc. 70. Defendant was afforded an opportunity to file a reply but has not done so.  Doc. 69.

      Defendant entered a plea of guilty to count two of the indictment, possession of child pornography in violation of 18 U.S.C. § § 2252A(a)(5)(B) and 2252A(b)(2).  He was sentenced to 60 months in prison.

      Defendant filed an appeal arguing that the 60 month sentence was not reasonable due to his age and poor health.  The judgment and sentence were affirmed. The Eleventh Circuit noted that 11,913 images of child pornography had been found on Defendant's computer.  Doc. 66, p. 3.  It also found that Defendant admitted to downloading "such pornography, including some that depicted infants, every two or

three days." *Id*. The guideline sentence range was 78-97 months. *Id*. Finally, the court found that the district court had correctly calculated the guideline range and properly departed downward when imposing the sentence. *Id.*, p. 4.

**Ground One**

Defendant contends that his due process rights were violated because the district court did not verify that the parties had seen the presentence report and discussed it. Doc. 67, p. 4. It is true that the court did not ask Defendant at sentencing whether he had seen the presentence report and whether he had discussed it with his attorney. Doc. 57 (transcript of sentencing), pp. 1-58.

Defendant points out that at sentencing, FBI special agent James Watson testified that Defendant's computer was seized in August, 2005, and about 8,000 photographs of child pornography were on his computer in files dated 2002 and 2003. Doc. 67, pp. 19-20. The presentence report stated that Defendant had over 11,000 images of child pornography on his computer. *Id.*, p. 18. Defendant states that during an interview with agents, he told the agents that he bought his computer from a person known only to him as Jim, and that a person known as Darrell cleaned the hard drive for him. *Id.*, p. 16. Defendant seems to assert that, had he seen the presentence report before sentencing, he could have contested the number of images attributable to him.

"Generally speaking, an available challenge to a criminal conviction or sentence must be advanced on direct appeal or else it will be considered procedurally barred in a § 2255 proceeding." Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." *Id*. Defendant had an opportunity to develop the

factual basis for this claim before this court before sentencing, but he did not, and he did not raise the claim on appeal. Consequently, he must show cause for the procedural default and prejudice to the outcome, to obtain review of the claim now. *Id.* at 1055; *see also* United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000).

FED. R. CRIM. P. 32(i)(1)(A) provides that at sentencing, the court "must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report." The issue of prejudice to excuse a procedural default asks the question whether Defendant would have obtained a more favorable outcome had he argued on appeal that the court failed to comply with Rule 32 in this respect. A direct appeal as to this issue would not have been successful unless Defendant could show plain error affecting his substantial rights. United States v. Esparza-Gonzalez, 268 F.3d 272, 273-274 (5th Cir. 2001), citing Rule 32(c)(3)(A) before the sections were reorganized (also citing cases from the Third, Fourth, Seventh, Ninth, and Tenth Circuits), *cert. denied*, 535 U.S. 991 (2002). Further, even if the court did not explicitly ask Defendant if he had seen the report and discussed it with his lawyer, it is possible to infer that this occurred from the record:

> We have declined to interpret Rule 32 as creating an absolute requirement that the district court "specifically . . . ask a defendant whether he has read the PSIR." *See United States v. Victoria*, 877 F.2d 338, 340 (5th Cir.1989). Instead, we "draw reasonable inferences from court documents, the defendant's statements, and counsel's statements" to determine whether the defendant has been given an opportunity to read the PSR with his counsel. *Id. But see United States v. Rone*, 743 F.2d 1169, 1174 (7th Cir.1984) (holding that Rule 32 imposes an affirmative duty on the district court to ask the defendant directly whether he has read and discussed the PSR with his counsel).

268 F.3d at 274.

In the case at bar, the court may infer from the record that Defendant and his attorney in fact read and discussed the presentence report before sentencing. Sentencing was set for October 16, 2006.  Doc. 25.  Defendant's attorney was furnished a copy of the presentence report on September 11, 2006.  Doc. 28.  Thus, the report was furnished within the 35 days prior to sentencing required by Rule 32(e)(2).  On September 25, 2006, counsel for Defendant wrote to the probation officer, noting several corrections and requests for clarification.  Doc. 70, attachment C; doc. 70-4, pp. 1-2.  Defense counsel sent Defendant a copy of this letter.  *Id.*  On October 6, 2006, defense counsel filed a sentencing memorandum, noting Defendant's advanced age, military service, and serious health problems, and seeking a downward departure.  Doc. 30.  Counsel presumably consulted with Defendant at some length to obtain such details, even if he did not show him the presentence report, which seems unlikely.

Even if Defendant was not shown the presentence report itself, however, Defendant cannot show prejudice to his substantial rights and thus the claim would not have been successful on direct appeal.  At the plea colloquy, Defendant signed a statement of facts, agreeing that the Government had evidence to prove that he possessed 11,913 images of child pornography.  Doc. 21, pp. 2 and 4.  The statement of facts also asserted that Defendant had said that he bought the computer from someone known to him as Jim, and "there may have been pornography on the computer when he got it, although he had a mechanic who works with computers, 'Darrell' (last name unknown), come to his residence and 'redo it, reboot it' to clean the hard drive."  *Id.*, pp. 2-3.  Defendant told the officers that he had started "looking up child pornography" on the internet about a year earlier, and he downloaded child

pornography images every two to three days.  *Id.*, p. 3.  Thus, Defendant admitted that the Government had evidence to prove the same facts that he now contends should have been in the presentence report.  That a number of child pornography images may have been on the computer when Defendant bought it does not erode the fact that he knowingly possessed those images and knowingly possessed other images that he obtained from the internet.

For these reasons, ground one is procedurally defaulted.  As cause and prejudice for the default have not been shown, the court cannot reach the merits.

**Ground Two**

Defendant contends that the evidence was not sufficient to support a guilty verdict.  Doc. 67, p. 5.  Defendant argues that the evidence is "at least as consistent with innocence as with guilt."  *Id.*, p. 23.  At the plea colloquy, Defendant admitted as true all of the facts necessary to accept the guilty plea.  Doc. 58, pp. 12-14.  A claim that the evidence was insufficient is precluded by the guilty plea:

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence.  Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary.  If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

United States v. Broce, 488 U.S. 563, 569, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989).

Further, in a challenge to a guilty plea under § 2255:

> [T]he representations of the defendant, his lawyer, and the prosecutor at [the plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong

> presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977) (citations omitted); *see also* United States v. Gonzalez-Mercado, 808 F.2d 796, 799-800 and n. 8 (11th Cir. 1987) (while not insurmountable, there is a strong presumption that statements made during a plea colloquy are true, citing Blackledge and other cases). Ground two, therefore, is without merit.

**Ground Three**

Defendant claims that his trial attorney was ineffective with respect to pretrial investigation and objections to the presentence report. Doc. 67, p. 7. Defendant also asserts that his appellate counsel failed to make arguments on appeal that he wanted him to make. *Id.*, p. 24. Defendant argues that admitted he joined a website that provided child pornography, but claims he thought it provided adult pornography and asserts that he cancelled his access to the website and got his money back. *Id.*, p. 25. He asserts that he joined this website "much longer than a year ago." *Id.*

A claim of ineffective assistance of counsel requires proof of both attorney error and prejudice to the outcome. Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). "A convicted defendant making a claim of ineffective assistance of counsel must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." 466 U.S. at 690, 104 S.Ct. at 2066. "Conclusory allegations of ineffective assistance are insufficient." Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992) (drug quantity at sentencing, failure to allege specific facts), *quoting*, United States v. Lawson, 947

F.2d 849, 853 (7th Cir. 1991) (same); Aldrich v. Wainwright, 777 F.2d 630, 636-37 (11th Cir. 1985), *cert. denied*, 479 U.S. 918 (1986) (defendant's conclusory allegations about the testimony of uncalled witnesses are insufficient to state a claim of ineffective assistance of counsel); Bolder v. Armontrout, 921 F.2d 1359, 1363-1364 (8th Cir. 1990), *cert. denied*, 502 U.S. 850 (1991); United States v. Vargas, 920 F.2d 167, 169-170 (2d Cir. 1990), *cert. denied*, 502 U.S. 826 (1991).

Defendant's factual assertions do not show that he might have been successful had he gone to trial. He admitted having possession of a large number of images of child pornography, and that is the offense to which he entered his guilty plea. The remainder of the claims of ineffective assistance of counsel are insufficient for lack of details. For these reasons, ground three fails to state a claim of ineffective assistance of counsel.

**Conclusion**

For these reasons, it is **RECOMMENDED** that Defendant John O. Messick's motion to vacate and set aside a sentence filed pursuant to 28 U.S.C. § 2255, doc.67, be **DENIED with prejudice**.

**IN CHAMBERS** at Tallahassee, Florida, on April 11, 2008.

> s/ William C. Sherrill, Jr.
> WILLIAM C. SHERRILL, JR.
> UNITED STATES MAGISTRATE JUDGE

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**